UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PATRICK L. WILSON**                                                                     **CIVIL ACTION**

**VERSUS**                                                                                       **NO. 10-3338**

**STATE OF LOUISIANA, EX REL**                                                 **SECTION "D" (3)**
**LOUISIANA TAX COMMISSION,**
**WHITNEY JOSEPH, JR., ASSESSOR**
**FOR THE PARISH OF ST. JOHN THE BAPTIST**
**AND ESPARROS PROPERTIES AIRLINE, LLC**

**ORDER AND REASONS**

Before the court is a "Motion to Assess Fees and Costs for Refusal to Execute Waiver of Service" (Doc. No. 27) filed by the Plaintiff, Patrick Wilson ("Wilson"). A Memorandum in Opposition (Doc. No. 29) was filed by Defendant, Whitney Joseph, Jr., Assessor of St. John the Baptist Parish. The matter was noticed for submission on April 20, 2011and is deemed submitted for decision on the records without oral hearing.

Plaintiff's motion represents, through exhibits and certification from counsel, that Defendant was afforded ample opportunity to execute a waiver of service. A representative of Defendant (Jules A. Carville, III, attorney at law) told counsel for Plaintiff that Defendant would not execute a waiver.[1]  Plaintiff's counsel made additional efforts to persuade Defendant,[2] but

---

[1] *See* Letter to Plaintiff's Counsel from Mr. Carville dated October 7, 2010 (advising that Mr. Joseph received a copy of the complaint but will not sign the waiver of service of summons provided by plaintiff's counsel) (Plt.'s Exh. B/Doc. No. 27-3).

[2] *See* Letter from Plaintiff's Counsel to Mr. Carville dated October 15, 2010 (noting Rule 4(d) and its provisions regarding recoupment of expenses and fees) (Plt.'s Exh. C/Doc. No. 27-3).

Defendant nonetheless failed to execute a waiver.  Formal service was then made.[3]  Defendant filed an answer,[4] following the denial of his Motion to Dismiss.[5]  Plaintiff then filed the motion for fees and costs that is before the court.

Defendant's counsel represents that: (1) Mr. Carville did not represent Whitney Joseph;[6] (2) The Sheriff's invoice for service/mileage in the amount of $25.38 does not indicate who issued it;[7] and (3) Exhibit "E", Plaintiff's Summary of Expenses, represents an excessive amount of time for the work described and an excessive hourly rate for the services provided.

Federal Rule of Civil Procedure 4(d)(2) provides:

> Failure to Waive.
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

Rule 4(d)(1) pertaining to requesting a waiver states that "[a]n individual, corporation or association" that receives notice of a suit and a request for waiver of service "has a duty to avoid

---

[3] Invoice (Pltf's Exh. "D"/Doc. No. 27-3); Summary of Expenses (Pltf's Exh "E"/Doc. No. 27-3); Summons returned executed (Rec. Doc. 13).

[4] Answer filed by Whitney Joseph (Doc. No. 33).

[5] Order and Reasons dated March 11, 2011 (Doc. No. 19).

[6] An attorney, Mr. Jules Carville, did correspond with Plaintiff's counsel confirming that Mr. Joseph had received the notice of lawsuit and would not sign the enclosed waiver.  It is undisputed that Mr. Joseph did receive by certified mail the notice of lawsuit and waiver of service form.

[7] *See* Invoice (Pltf's Exh. D).

unnecessary costs of serving the summons." *Id.* Accordingly, if a defendant within the United States fails to comply with a request for waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." F.R.C.P. 4(d)(2). Defendant Whitney Joseph has not shown good cause, so an award is required by Rule 4.

With respect to the cost of service, the amount of $25.38 for service by the St. John Parish Sheriff appears to be entirely reasonable and sufficiently documented by counsel's certification of the invoice and his summary of expenses (Pltf's Exhs. "D" and "E"). Counsel also spent $7.10 in postage to the process server. Those costs are reasonable and compensable under the Rule. Plaintiff also asks for reimbursement of $62.50 for time spent receiving and reviewing correspondence dated October 7, 2010, telephone consultation with assessor's representative and correspondence to counsel for assessor; however, that expense is not compensable because the Rule permits an award only after a defendant fails to comply with the waiver request, and then the costs to be awarded are limited to those "later incurred in effecting service." Fed. R. Civ. P. 4(d)(2)(A).

Plaintiff's counsel seeks compensation for 3.00 hours of attorney time at the rate of $250.00 an hour in the full amount of $750.00. Counsel does not itemize the time, but he represents that he spent time preparing summons, contacting the Sheriff, correspondence transmitting the summons and complaint and obtaining a certified copy of the complaint and drafting the motion to recover reasonable expenses. The fees are excessive in light of the fact that work performed was in large part administrative in nature.

Plaintiff's counsel did attribute 2.00 hours to the preparation of the motion and

3

supporting papers and that is the only component of counsel's time that is compensable under Rule 4. The Rule permits an attorney fee award for "any motion required to collect the costs of service." F.R.C.P. 4(d)(2)(B).  Fees incurred in connection with attempts to make service or obtain a waiver do not fall within the scope of that language.[8]  Plaintiff's counsel did not submit *contemporaneous* time records that reflect the exact amount of time he spent preparing this motion, so a reasonable estimate is necessary.  The court finds that $400 is a reasonable amount of compensation for the preparation and filing of the motion and supporting papers.

Clearly, the defendant had notice, received the plaintiff's request for waiver of service and refused to respond despite Plaintiff's counsel's efforts.  Defendant does not dispute that the plaintiff complied with the dictates Rule 4(d)(1)( c) in sending the waiver, notice of the lawsuit including admonition regarding the dictates of Rule 4 and results of any unreasonable refusal to waive service of process.  Defendant also included a prepaid means of returning the waiver form as required.   Accordingly and for all of the foregoing reasons,

**IT IS ORDERED** that the Plaintiff's Motion to Assess Fees and Costs is GRANTED IN PART in the full amount of $432.48 – *i.e.*, $400 (Reasonable Attorney's Fees) + $7.10 (Postage) + $25.38 (Fees of the St. John the Baptist Parish Sheriff); in all other respects, the motion is DENIED.

New Orleans, Louisiana, this 20th day of April, 2011.

_____
A. J. McNAMARA
UNITED STATES DISTRICT COURT

---

[8] *U.S. Engine Production, Inc.,* 2011 WL 855807 (S. D. N. Y. March 7, 2011); *Maranto v. Dillard National Bank,* 230 F.R.D. 478, 479 (W. D. La. July 27, 2005).